Filed 11/30/22  P. v. Kessler CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL WILLIAM KESSLER,<br><br>Defendant and Appellant. | E078939<br><br>(Super.Ct.Nos. FVI20002445 FVI20003332)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE

On August 19, 2020, in case No. FVI2002445 (Case 1), a felony complaint charged defendant with operating a "chop shop" under Vehicle Code section 10801 (count 1); and receiving a stolen vehicle under Penal Code[1] section 496d (count 2).[2] The complaint also alleged that defendant had suffered one prior strike conviction within the meaning of Penal Code sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

On November 20, 2020, in case No. FVI20003332 (Case 2), a felony complaint charged defendant with assault with a deadly weapon under section 245, subdivision (a)(1) (count 1); and vandalism under section 594, subdivision (a) (count 2). The complaint also alleged that defendant had suffered two serious felony convictions under section 667, subdivision (a)(1), and two prior strike convictions under section 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

On March 17, 2022, in Case 2, defendant pled no contest to assault with a deadly weapon (count 1), and vandalism (count 2). Defendant also admitted having suffered one prior strike conviction. Defense counsel then stipulated that an aggravated term was appropriate because the offense involved "great violence."

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The complaint alleged a third count against codefendant Robin Renee Johnston. Johnston is not a party to this appeal.

On the same day, in Case 1, defendant pled no contest to receiving stolen property (count 2). Defendant also admitted having suffered one prior strike conviction.

The remainder of the counts in Case 1 and Case 2, in addition to all the counts in a third case, case No. FVI20003598, were dismissed with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754.

On April 20, 2021, the trial court sentenced defendant to a total term of 10 years eight months in state prison as follows: (1) the upper term of four years, doubled per the prior strikes, in Case 1, count 1; (2) a consecutive term of one year four months (one-third the midterm, doubled), in Case 1, count 2; and (3) a consecutive term of one year four months (one-third the midterm, doubled), in Case 1, count 2.

In both cases, the trial court also ordered defendant to pay restitution fines of $300 under section 1202.4, subdivision (b); and fines in the same amount under section 1202.45, stayed. The trial court retained jurisdiction on the issue of victim restitution.

Moreover, the trial court awarded defendant 981 days presentence custody credit, 491 actual days, and 490 days under section 4019.

On May 4, 2022, defendant filed timely notices of appeal in both cases, and the trial court granted defendant certificates of probable cause.

**FACTUAL AND PROCEDURAL HISTORY**

A.   CASE NO. FVI2002445 (CASE 1)

Sheriff deputies saw a reportedly stolen U-Haul rental van inside of the fenced yard at defendant's home. The deputies conducted surveillance of the property. During the surveillance, the deputies saw assorted vehicle parts, and two other vehicles being

dismantled. Pursuant to a search warrant, the deputies conducted a search of the home. They found keys to the van inside of the house, next to mail addressed to defendant.

B.     CASE NO. FVI20003332 (CASE 2)

Sheriff deputies received a report of an assault with a deadly weapon at the home of defendant's former girlfriend, Robin Johnston, shared with the victim. When the deputies arrived, they noticed a trail of blood leading up the front steps, across the living room, and into the kitchen; and a broken window. The victim was found in the kitchen bleeding from two large lacerations on his head.

The victim told the deputies that he was inside his home earlier when he heard a loud bang, and someone yelling from outside. The victim went outside and found defendant. Defendant was yelling for Johnston to come outside; defendant wanted the return of his belongings and money. When the victim told defendant that Johnston was not home, defendant left.

Johnston returned later that evening to the home. She was sitting in her bedroom when her window broke. When Johnston looked out of her window, defendant was standing in the yard and yelling at her. Johnston told defendant that his belongings were in the garage, and that defendant could go in the garage to retrieve the items. Defendant demanded that Johnston give him some money.

The victim went outside and demanded that defendant pay for the broken window. The two "began to push each other and the victim put [defendant] in a chokehold." Defendant then grabbed a brick and tried to hit the victim with it.

Brian Wagley, who also resided in the house, came out and separated defendant and the victim. Wagley demanded that defendant leave. Instead of leaving, defendant picked up a broken shard of glass and stabbed the victim in the head twice. Wagley separated defendant and the victim a second time, "and escorted [defendant] off of the property. [Defendant] ran east from the residence to an unknown location."

Paramedics responded and transported the victim to Desert Valley Medical Center for treatment of his stab wounds. "[The victim] had two large lacerations, one on his forehead and one on the center portion of his head. The victim also had defensive stab wounds between his middle and ring fingers."

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

1. "Was appellant's plea voluntary and intelligent? *Boykin v. Alabama* (1969) 95 U.S. 238."

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's

5

attorney has fully complied with the responsibilities of counsel and no arguable issue

exists.  (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgments in both case numbers FVI2002445 and FVI20003332 are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

We concur:

CODRINGTON

J.

FIELDS

J.